IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,      )     No. 82846-1-I
     )
     Respondent,    )
     )
     v.      )     UNPUBLISHED OPINION
     )
PAUL TIMOTHY CHASE,      )
     )
     Appellant.    )

BOWMAN, J. — Paul Timothy Chase appeals the trial court's orders to pay criminal restitution of $26,933.41 and complete 160 hours of community service. Chase claims the court erred when it denied his last-minute motion to discharge his attorney and appoint new counsel. Finding no error, we affirm.

FACTS

In 2014, the State charged Chase with theft in the first degree because his construction company failed to pay retail sales tax on several projects between 2008 and 2011. The court appointed an attorney from the Snohomish County Public Defender Association to represent him.

As part of extensive pretrial litigation in 2016, defense counsel asked the trial court to suppress several bank records relating to Chase's finances. The trial court denied the motion and Chase petitioned for interlocutory review. We accepted review and affirmed the trial court's ruling in a published opinion. State

Citations and pin cites are based on the Westlaw online version of the cited material.

v. Chase, 1 Wn. App. 2d 799, 407 P.3d 1178 (2017), review denied, 190 Wn.2d 1024, 418 P.3d 802 (2018).

On remand, Chase's attorney successfully negotiated a resolution of the case. As a result, on October 4, 2019, Chase pleaded guilty to an amended charge of second degree theft.[1] On December 9, 2019, the court sentenced Chase to serve 20 days of confinement, which it converted to 160 hours of community service. The court also scheduled a restitution hearing for March 13, 2020.

The onset of COVID-19[2] forced the court to continue the restitution hearing several times between March and August 2020. The court held the first hearing on August 19, 2020 but "took the matter under advisement" to review additional materials before ruling.[3] The court gave defense counsel 2 weeks to provide more documentation and reserved resetting a restitution hearing. On September 27, 2020, the court issued a letter ruling granting some of the State's restitution requests. But the court gave the State 60 days to provide more materials and the defense 30 days to respond before it would finalize its ruling.

The State submitted additional materials and the court scheduled another round of restitution hearings to take testimony. The State presented witnesses

---

[1] As part of the plea agreement, the State agreed not to file more charges against Chase and to recommend that he receive credit for time served.

[2] COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," first discovered in December 2019 in Wuhan, China. COVID-19 is a severe, highly contagious respiratory illness that quickly spread throughout the world.

[3] The court also delayed ruling on Chase's motion to approve 160 hours of community service he completed online. The State opposed the motion. The court requested defense counsel provide documentation showing "a specific breakdown of what specific programs" Chase completed.

on December 18, 2020, January 15, 2021, and February 5, 2021. Chase also testified at the February 5 hearing but because he had not finished by the end of the day, the court scheduled a final hearing for March 19, 2021.

On March 17, 2021, almost six weeks after the February hearing and just two days before the final hearing, Chase sent the court a "motion to Remove my Council [sic]" and "Statement in support" asking to discharge his lawyer because of ongoing issues of distrust and lack of communication. He also requested a continuance until he was "able to replace" his attorney. The State objected to Chase's request as untimely.

At the March 19 hearing, the court told Chase it read his motion and gave him a chance to talk about his concerns. The court then reviewed the lengthy procedural history of the case and denied his request to discharge and substitute counsel as untimely. The court also determined that Chase did not show good cause to discharge his attorney.[4] Ultimately, the trial court ordered Chase to pay restitution totaling $26,933.41.[5]

Chase appeals.

---

[4] Chase's attorney first joined in the motion for discharge, arguing the rules for professional conduct compelled his withdrawal. But after the court denied the motion, counsel conferred with Chase and told the court he no longer had concerns about his ability to continue representation.

[5] The court also rejected Chase's request to consider "online educational activities" as community service hours and ordered him to start his community service anew.

ANALYSIS

Chase argues the trial court erred because it "made no genuine inquiry into [his] motion to discharge his appointed attorney."[6]  We disagree.

We review a trial court's denial of a motion to discharge counsel for abuse of discretion.  State v. Stenson, 132 Wn.2d 668, 733, 940 P.2d 1239 (1997), cert. denied, 523 U.S. 1008, 118 S. Ct. 1193, 140 L. Ed. 2d 323 (1998).  A trial court abuses its discretion when its decision "is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons."  State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).  "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard."  State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting State v. Rundquist, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

The Sixth Amendment to the United States Constitution guarantees representation and the right to select one's preferred attorney.  Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988).  A criminal defendant who pays for his own attorney generally has a right to counsel of his choice.  State v. Roth, 75 Wn. App. 808, 824, 881 P.2d 268 (1994).  But an indigent defendant has no right to choose his court appointed attorney and must show good cause before the trial court will discharge and substitute counsel.

---

[6] Chase also assigns error to the trial court's determination that his request to discharge counsel was untimely.  But he cites no legal authority in support of his argument.  See RAP 10.3(a)(6).  We need not consider an argument that a party does not develop in their brief or support with legal authority.  State v. Dennison, 115 Wn.2d 609, 629, 801 P.2d 193 (1990).

Stenson, 132 Wn.2d at 733-34; State v. Varga, 151 Wn.2d 179, 200, 86 P.3d 139 (2004). Good cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication. Varga, 151 Wn.2d at 200. To determine whether the trial court abused its discretion in denying a defendant's request to discharge and substitute counsel, we consider the (1) extent of the alleged conflict, (2) adequacy of the trial court's inquiry, and (3) timeliness of the request. In re Pers. Restraint of Stenson, 142 Wn.2d 710, 723-24, 16 P.3d 1 (2001).

In determining whether to discharge an appointed attorney, the court must inquire into the extent and nature of the breakdown in the relationship and its effect on the representation. State v. Schaller, 143 Wn. App. 258, 270, 177 P.3d 1139 (2007). A court conducts an adequate inquiry when it makes a thorough investigation, allows the defendant to present all concerns, and then provides a " 'sufficient basis for reaching an informed decision.' " State v. Thompson, 169 Wn. App. 436, 462, 290 P.3d 996 (2012)[7] (quoting United States v. Adelzo-Gonzalez, 268 F.3d 772, 777 (9th Cir. 2001)). Minimal inquiries do not suffice. See United States v. Moore, 159 F.3d 1154, 1160-61 (9th Cir. 1998).

Chase points to State v. Lopez, 79 Wn. App. 755, 767, 904 P.2d 1179 (1995), in support of his argument that the trial court failed to make an adequate inquiry.[8] In Lopez, the defendant told the court that he wanted " 'a different

---

[7] Internal quotation marks omitted.

[8] Chase also cites State v. Cross, 156 Wn.2d 580, 610, 132 P.3d 80 (2006), abrogated on other grounds by State v. Gregory, 192 Wn.2d 1, 427 P.3d 621 (2018), and State v. Dougherty, 33 Wn. App. 466, 471, 655 P.2d 1187 (1982), in support of his argument. But those cases discuss the adequacy of inquiries into a defendant's request to waive the right to counsel and proceed pro se. Cross, 156 Wn.2d at 607; Dougherty, 33 Wn. App. at 468. Chase did not seek to waive his right to counsel and proceed pro se so there was no need for the court to engage in that more detailed and thorough colloquy.

5

attorney because this one isn't helping me at all.' " Id. at 764. The trial court responded, " 'I'm not going to appoint you another attorney.' " Id. Division Three of our court determined that such a summary denial of a request to discharge counsel without inquiring into any of the reasons for the defendant's dissatisfaction with his attorney was an abuse of the court's discretion. Id. at 767.

Unlike the court in Lopez, the trial court here elicited and evaluated Chase's concerns before denying his motion to discharge counsel. The court reviewed Chase's three-page motion and "Statement in support" that explained why he believed his attorney was not adequately representing him or timely communicating with him. Then at the start of the March 19 restitution hearing, the court addressed Chase's motion and gave him five minutes to speak more about why he wanted to discharge his attorney. Chase complained about his attorney's lack of communication, inadequate investigation, and refusal to provide documents to the State during trial preparation several years before the restitution hearings.

After five minutes, the trial court interrupted Chase, asked him to focus his argument "on things that are salient to" the restitution proceedings, and offered him three more minutes to explain his dissatisfaction. Chase again complained about untimely pretrial communication from his attorney and said this conduct continued into the restitution phase. Chase claimed his attorney still did not quickly respond to his phone calls and, most recently, waited 11 days before forwarding him an e-mail from the State.

After the State argued in opposition, the court explained to Chase that when it received his motion on March 17, it "went back and looked through the court file to remind myself about the procedural history of this case." The court outlined three years of pretrial litigation beginning in 2014, the 2017 interlocutory appeal and 2018 mandate, another year of pretrial litigation and plea negotiations, sentencing in December 2019, and then the restitution and community service disputes since March 2020. It also noted that Chase's attorney had zealously advocated on his behalf throughout the restitution process:

> [T]his issue of restitution is one that has received more attention than I think any other restitution hearing I have presided over, either as a practicing attorney or as a judge, and I have been practicing law for more than 30 years. The parties have been prepared at hearings to examine the witnesses presented. There has been examination, cross examination, et cetera. [Chase's counsel] has been actively engaged in all stages of the restitution proceedings, often asking to voir dire the State's witnesses regarding the providence of certain documents that were offered by the State, and challenging the premise upon which the State is seeking restitution.

The record shows that the trial court made a thorough investigation into Chase's complaints and had a sufficient basis for reaching an informed conclusion about his motion to discharge and substitute counsel. It did not abuse its discretion in denying the motion.[9]

---

[9] Chase filed a statement of additional grounds for review (SAG) under RAP 10.10. First, Chase cites additional facts and e-mails in support of his appellate attorney's argument that the trial court erred in denying his motion to discharge counsel. We decline to consider the new facts as we review only the record before us. See RAP 10.10(c) ("[o]nly documents that are contained in the record on review should be attached or referred to in the [SAG]"). Second, Chase appears to argue that the State did not timely serve him with the criminal "complaint." But he again cites to facts outside the record and provides no legal argument, so we do not consider this argument. Dennison, 115 Wn.2d at 629.

We affirm the orders on restitution and community service.

Brunner, J

WE CONCUR:

Chung, J.

Andrus, C.J.